# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| KAREN HUNT AHMED, | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | NO. 3:20-cv-00242 | |
| | ) | | |
| METROPOLITAN GOVERNMENT OF | ) | JUDGE CAMPBELL | |
| NASHVILLE AND DAVIDSON | ) | MAGISTRATE JUDGE FRENSLEY | |
| COUNTY, TENNESSEE | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

## MEMORANDUM

Pending before the Court is a motion to dismiss the amended complaint (Doc. No. 13) filed

by Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro").

(Doc. No. 19). Plaintiff filed a Response (Doc. No. 21) and Defendant filed a Reply (Doc. No. 22).

For the reasons stated below, the motion to dismiss will be **DENIED**.

## I.    BACKGROUND

After an extensive application process, Plaintiff Karen Hunt Ahmed was selected to attend

the Metropolitan Nashville Policy Department ("MNPD") Training Academy. (Am. Compl., Doc.

No. 13, ¶ 12).  At the time she was hired as a trainee, Ms. Ahmed was 51 years old. (*Id*.).  On the

first day of training, Ms. Ahmed took a physical fitness test and met or exceeded the physical

fitness standards required for graduation. (*Id*., ¶ 13).  She claims that she was singled out during

training by the instructor and was yelled at, berated, and required to do unnecessary and demeaning

tasks that were not required of the other trainees. (*Id*., ¶¶ 15-16, 18-21). The instructor called her

"lazy" and "fat" and told her to "go home and watch *Dr. Phil*" and "*The Price is Right*." (*Id*., ¶ 15).

Other trainees told her they thought she was being targeted because of her age. (*Id*., ¶ 16).

On the second day of training, Plaintiff was escorted to the captain's office. (*Id.*, ¶ 17). Captain Keith Stephens told her she was exhibiting a bad attitude and not following orders. (*Id.*). When asked for an example, he cited her failure to perform "flutter kicks" immediately when asked to do so. (*Id.*). Plaintiff explained that she did not initially know what a "flutter kick" was and was awaiting instruction. (*Id.*).

Plaintiff continued to be berated, singled out for criticism, and made to perform difficult or impossible activities such as to "bear crawl" down a hill to retrieve a water bottle thrown by a training officer. (*Id.*, ¶ 18). One of the training officers verbally berated her when, after the class was instructed to retrieve a "dongle" from the gym, and not knowing what a "dongle" was, she asked for explanation. (*Id.*, ¶ 20). The officer then falsely accused her of hitting him. (*Id.*).

Plaintiff again found herself in Captain Stephen's office, this time facing Captain Stephens and three training officers, including the one she was accused of hitting. (*Id.*, ¶ 21). She claims she was goaded, falsely accused of rolling her eyes, smirking, and lying. (*Id.*). Although there was video of the incident, Plaintiff claims her request to review the video was ignored. (*Id.*). Plaintiff was told that if she did not resign, she would be terminated. (*Id.*).

Plaintiff signed a notice of termination under protest and thereafter filed this lawsuit alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* (Doc. No. 1, amended at Doc. No. 13). Metro moved to dismiss the claim. (Doc. No. 19).

## II.    STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed under Rule 12(b)(6). *Id*. at 683.

## III.    ANALYSIS

"The ADEA prohibits an employer from failing or refusing to hire, discharging, or discriminating 'against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age …'" *Geiger v. Tower Automotive*, 579 F.3d 614, 620 (6th Cir. 2009) (citing 29 U.S.C. § 623(a)(1)). "In order to establish a prima facie case under [the ADEA], [a plaintiff] must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 462 (6th Cir. 2015) (quoting *Laws v. HealthSouth N. Ky. Rehab. Hosp. Ltd. P'ship,* 508 F. App'x. 404, 410–11 (6th Cir. 2012)). At the motion to dismiss stage, although the complaint "need not present 'detailed factual allegations,' it must allege sufficient factual content from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference [that the plaintiff was discriminated against because of her age]." *Id.* at 463.

Defendant argues that Plaintiff has failed to allege sufficient facts to state a plausible claim of age discrimination because she failed to plead sufficient facts to show that she was treated differently than similarly situated individuals or to establish that age was the but-for cause of her termination. Defendant does not contest that Plaintiff has adequately alleged the other elements of her claim.

With regard to the allegation of similarly situated individuals, Plaintiff alleges two specific police academy trainees, Marian and Bianca, were treated more favorably and generally alleges the same about other similarly situated trainees. (Am. Compl., Doc. No. 13, ¶ 16). In this context, where Plaintiff alleges she was singled out for harsh treatment and that the other, younger trainees

4

were not treated in the same manner, her allegations are sufficient to raise a plausible inference that she was treated differently than similarly situated individuals.

As to whether there is a plausible inference of age discrimination, the Court agrees that the training officer called her "lazy" and "fat" might not, by itself, raise an inference of age discrimination. However, when coupled with the suggestion that Plaintiff "did not deserve to be there" and should instead go home and watch "Dr. Phil" and "The Price is Right," television programs commonly watched by older people, the statements raise a plausible inference that Plaintiff was subjected to harsh treatment, and ultimately terminated, because of her age.

Having considered the totality of the allegation in the Amended Complaint, the Court finds that Plaintiff has stated a plausible claim for age discrimination. Accordingly, the Defendant's Motion to Dismiss (Doc. No. 19) will be **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE